UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TODD COVINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00210-JPH-MJD |
| | ) | |
| DEPARTMENT OF CORRECTIONS | ) | |
| (INDIANA), | ) | |
| SULLIVAN COUNTY COURT BUILDING | ) | |
| AND SHERIFF OFFICE, | ) | |
| HUGH R. HUNT Judge, | ) | |
| ANN SMITH MISCHLER Prosecutor , | ) | |
| VANVLEET Prison Officer, | ) | |
| DAVIS Prison Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Todd Covington filed this civil action on May 28, 2024. Dkt. 1. On

August 20, 2024, he filed an amended complaint, dkt. 9, which is the operative

complaint. The Court granted Mr. Covington's motion to proceed *in forma*

*pauperis* in this action. Dkt. 11.

**I.      Screening Standard**

Because the plaintiff is not now a prisoner, the Court screens the

complaint under its inherent authority and responsibility to do so. *Mallard v.*

*United States Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (in forma pauperis statute

"authorizes courts to dismiss a 'frivolous or malicious' action, but there is little

doubt they would have power to do so even in the absence of this statutory

provision"); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) (citing *Rowe*

*v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.    The Amended Complaint

In his amended complaint, Mr. Covington names four defendants: 1) Randall Vanvleet; 2) Travis Davis; 3) Barbie Brock; and 4) Deputy Prosecutor Ann Smith Mischler.[1] Mr. Covington alleges that on June 12, 2022, he arrived at Wabash Valley Correctional Facility ("Wabash Valley") to visit his incarcerated son. Rather than allow Mr. Covington to have his scheduled visit with his son, Officers Vanvleet and Davis ordered Mr. Covington to go to a separate room and began questioning him. At one point they asked for permission to search him, and he declined. Mr. Covington stood up to leave, and the officers began reading

---

[1] Mr. Covington no longer names Department of Corrections (Indiana), Sullivan County Court Building and Sheriff Office, and Judge Hugh R. Hunt as defendants in the amended complaint.

him his Miranda rights and told him he could not leave. While Mr. Covington was detained in the room, Officers Vanvleet and Davis met and conspired with prosecuting attorney Mischler to wrongfully arrest Mr. Covington. Defendants Vanvleet, Davis, and Mischler appeared before a judge and provided information they knew was false and misleading to obtain a search warrant. The officers then wrongfully detained and arrested Mr. Covington in retaliation for Mr. Covington's son refusing to cooperate with an earlier investigation in the prison. They arrested Mr. Covington for possession of controlled substances (that the officers had planted in the room in which Mr. Covington was detained) and for dealing controlled substances in a penal facility.

At trial in Sullivan County on December 7, 2023, Mr. Covington learned that Officer Brock was also involved with the false arrest. At trial, Officers Vanvleet, Davis, and Brock testified that they had misled the judge when obtaining the search warrant because no confidential informant existed. The charges were dismissed with prejudice. The Court takes judicial notice of the Sullivan County criminal docket in 77D01-2206-F2-0387, available at mycase.in.gov, which shows that the case was dismissed.

Mr. Covington alleges that the false arrest caused him to lose weight, become ill, and cause great financial loss. He seeks $25 million in damages and punitive damages, expungement of the arrest record, and the restoration of his right to visit his son in prison.

### III.    Discussion of Claims

Mr. Covington brings First and Fourth Amendment claims of false arrest and malicious prosecution against Officers Vanvleet, Davis, and Brock. Against prosecutor Mischler, Mr. Covington brings a Fourth Amendment claim of conspiring with the other defendants to maliciously prosecute and have Mr. Covington falsely arrested.

Liberally construing the amended complaint, it is plausible that Mr. Covington's right to visit his son was protected by the First Amendment. To the extent Mr. Covington contends that his son was retaliated against for not cooperating with officers, however, such a First Amendment violation would accrue to his son, not him.

Prosecuting attorneys enjoy absolute immunity from a civil suit for damages under § 1983, "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). Prosecutors are not entitled to absolute immunity, however, if they swear under penalty of perjury to the truth of the facts alleged in an affidavit, like any other witness, to obtain an arrest warrant. *See Kalina v. Fletcher,* 522 U.S. 118, 131 (1997); *see also Buckley v. Fitzsimmons,* 509 U.S. 259 (1993) (a prosecutor's investigative acts or making false public statements announcing an indictment are entitled to only qualified immunity); *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000) (if a prosecutor's function is judicial or quasi-judicial, she is entitled to absolute immunity but administrative or investigatory functions only warrant qualified immunity).

The amended complaint alleges that prosecutor Mischler told a judge that she (and Vanvleet and Davis) had had phone calls and a confidential source claiming that Mr. Covington was going to traffic something into Wabash Valley. Because the prosecutor's actions allegedly went beyond the mere preparing and filing of charging documents, the claim against her will not be dismissed based on absolute immunity at this time.

Malicious prosecution may give rise to a Fourth Amendment claim of unlawful detention. *Lewis v. University of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019); *see Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012) (to prevail on false-arrest claim under § 1983, plaintiff must show that there was no probable cause for his arrest); *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) (prevailing on § 1983 malicious prosecution claim requires showing plaintiff has satisfied all elements of a state law cause of action for malicious prosecution).

For the reasons set forth above, Mr. Covington's First and Fourth Amendment claims **shall proceed against Officers Vanvleet, Davis, and Brock.** The Fourth Amendment claim against prosecutor Mischler **shall also proceed.**

This summary includes all the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the amended complaint, but not identified by the Court, he shall have **through May 5, 2025,** in which to file a motion to reconsider the screening order.

**IV. Conclusion and Service of Process**

The First and Fourth Amendment claims **shall proceed against Officers Vanvleet, Davis, and Brock**. A Fourth Amendment claim **shall also proceed** against prosecutor Mischler.

The **clerk is directed to terminate** Department of Corrections (Indiana), Sullivan County Court Building and Sheriff Office, and Judge Hugh R. Hunt as defendants on the docket. The **clerk is directed to add** Barbie Brock, Prison Officer, as a defendant on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Randall Vanvleet, Travis Davis, Barbie Brock, and Deputy Prosecutor Ann Smith Mischler in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on August 20, 2024, dkt [9], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees (Vanvleet, Davis, and Brock) electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/7/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

6

Distribution:

TODD COVINGTON
10266 Bourbon St.
Newburgh, IN 47630

Electronic service to Indiana Department of Correction:

Officer Randall Vanvleet
Officer Travis Davis
Officer Barbie Brock

      All at Wabash Valley Correctional Facility


Ann Smith Mischler, Deputy Prosecutor
Sullivan County Prosecutor's Office
100 Courthouse Sq., Room 103
Sullivan, IN 47882